# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OLUKAYODE DAVID OJO,** | Civil Action No. 17-1875 (JLL) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| **JEFF SESSIONS, et al.,** | |
| Respondents. | |

IT APPEARING THAT:

1. On or about March 21, 2017, Petitioner Olukayode David Ojo filed in this court a petition for a writ of habeas corpus, purportedly brought pursuant to 28 U.S.C. § 2241. (ECF No. 1). Petitioner also filed with that petition an application to proceed *in forma pauperis*. (Document 2 attached to ECF No. 1).

2. On March 27, 2017, this Court entered an order denying Petitioner's application to proceed *in forma pauperis*. (ECF No. 3). In that order, this Court also terminated this matter and informed Petitioner that, to the extent he wished to challenge his conviction in the Eastern District of New York, he should refile this matter as a motion to vacate sentence in that court. (*Id.*).

3. Petitioner thereafter paid the applicable filing fee and submitted an application to reopen this matter. (ECF No. 4).

4. Following his request to reopen, this Court dismissed Petitioner's claim seeking to challenge his restitution order for lack of jurisdiction, but permitted Petitioner's claim challenging the calculation of his sentence to proceed, and the Court directed Respondents to file an answer to that claim within forty-five days on May 31, 2017. (*See* ECF No. 5).

5. On June 12, 2017, Respondents submitted a letter to the Court in which they informed the Court that Petitioner's term of supervised release concluded on March 13, 2017, and that he is no longer subject to supervised release, nor is he otherwise still in custody. (ECF No. 8). In support of that contention, Respondents submitted to the Court a certification from Petitioner's Probation Officer in which the Officer avers that Petitioner has concluded his term of supervised release, and that Petitioner was informed of the end of his supervised release term by letter on March 30, 2017. (Document 1 attached to ECF No. 8). A copy of that letter was also provided. (Document 2 attached to ECF No. 8). Based on the termination of Petitioner's supervised release term, Respondents request that this matter be dismissed as moot. (ECF No. 8).

6. In his sole remaining claim, Petitioner asserts that the Bureau of Prisons miscalculated his release date, and that his term of supervised release had therefore run longer than it otherwise should have. (*See* ECF No. 1 at 7). Based on this claim, Petitioner asserted that this Court should enter an order terminating his supervised release term. (*Id.* at 8).

7. Federal courts "may adjudicate 'only actual, ongoing cases or controversies.'" *Buczek v. Welinger*, 513 F. App'x 126, 128 (3d Cir. 2013) (quoting *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). A controversy will remain live only while the party seeking relief retains a "personal stake in the outcome." *Id.* Where that personal stake ceases, which in a habeas corpus action will occur when a petitioner has received the only relief requested for his claim, a case will become moot and must be dismissed as such. *Id.*

8. In the only claim Petitioner has before this Court, Petitioner sought only to challenge his ongoing period of supervised release, and through that claim he sought only the termination of his supervised release term. As Petitioner's supervised release term has now expired, Petitioner has already received the only relief available to him, and Petitioner's personal stake in the outcome

of this claim has ended. Petitioner's habeas petition therefore no longer presents a live case or controversy and must be dismissed as such. *Id.*

9. In conclusion, this matter will be dismissed without prejudice as moot. An appropriate order follows.

                                                                                _____
Hon. Jose L. Linares,
Chief United States District Judge